UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES FUTRELL, APRIL BROWN, and CHRIS ROGERS, individually and on behalf of all others similarly situated, | Civil No. 22-969 (JRT/DJF) |
| Plaintiffs, | |
| v. | MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |
| CARGILL, INCORPORATED, | |
| Defendant. | |

Andrew Frisch, **MORGAN & MORGAN, P.A.,** 8151 Peters Road, Suite 4000, Plantation, FL 33324; Michael N. Hanna, **MORGAN & MORGAN, P.A.,** 2000 Town Center, Suite 1900, Southfield, MI 48075; Matthew Scott Parmet, **PARMET PC,** 3 Riverway, Suite 1910, Houston TX 77056; Rolf Fiebiger, **FIEBIGER LAW LLC,** 6800 France Avenue South, Suite 190, Edina, MN 55435, for Plaintiffs.

Samantha Rollins and Terran C. Chambers, **FAEGRE DRINKER BIDDLE & REATH LLP**, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402, for Defendant.

Plaintiffs James Futrell, April Brown, and Chris Rogers bring this putative class action against Defendant Cargill, Inc. ("Cargill") for failure to pay wages, including proper overtime, on time and in full.  Plaintiffs claim Cargill violated the Fair Labor Standards Act ("FLSA"), as well as New York and Wisconsin state labor laws.  Plaintiffs seek to represent a FLSA Collective, a Wisconsin Class, and a New York Class.  Plaintiffs seek to recover

unpaid overtime wages and other damages. Cargill has moved to dismiss the action in its entirety.

Because Plaintiffs concede that Plaintiff Brown suffered no injury and Brown is the sole named representative employed by Cargill in Wisconsin, the Court will grant Cargill's motion as to the Wisconsin Wage Payment and Overtime Law. However, because Plaintiffs have alleged sufficient facts to support claims for FLSA and the New York Labor Law Minimum Wage and Overtime, Wage Notice, and Wage Statement violations, the Court will deny Cargill's motion in all other respects.

## BACKGROUND

Defendant Cargill, Inc. ("Cargill") is a nationwide food corporation that employs over 150,000 workers. (Am. Compl. ¶¶ 55–57, June 6, 2022, Docket No. 17.) Plaintiffs Futrell, Brown, and Rogers claim they are all employees of Cargill. (*Id.* ¶¶ 16–30.) Brown and Rogers worked in Wisconsin and New York respectively, while Futrell worked in Tennessee. (*Id.* ¶¶ 23–24, 29–30.) Cargill used timekeeper software and hardware operated and maintained by a company named Kronos to track hours and pay employees. (*Id.* ¶ 59.) On or about December 11, 2021, Kronos suffered a ransomware hack that

interfered with the ability of its customers—including Cargill—to use its timekeeping software and hardware. (*Id.* ¶¶ 60–61.)[1]

Plaintiffs allege that for at least part of the time Kronos was down, Cargill failed to keep accurate records of employees' work time. (*Id.* ¶ 62.) They allege Cargill used multiple unsatisfactory methods to estimate hours, such as basing paychecks on employees' scheduled hours or duplicating paychecks from before the Kronos hack. (*Id.* ¶¶ 63–64.) This allegedly resulted in many employees not being paid for all the hours—including overtime hours—that they worked. (*Id.* ¶ 65.) Plaintiffs allege that Cargill could have feasibly implemented more accurate timekeeping practices during the hack, such as having employees report the actual hours they worked, but instead pushed the effects of the Kronos hack onto its hourly employees. (*Id.* ¶¶ 72–76.)

Futrell, Brown, and Rogers all allege that they were not paid by Cargill for the actual hours they worked, including overtime hours, during the time Kronos was down. (*Id.* ¶¶ 78–92.) Further, they allege that numerous other Cargill hourly employees similarly situated to them were also victimized by Cargill's failure to accurately track and pay for hours worked while Kronos was down, and that they were not properly compensated for all hours worked under FLSA, Wisconsin Law, or New York Law. (*Id.* ¶¶ 103–110, 113–120, 130–138.) Rogers also alleges that Cargill failed to provide its employees in New York

---

[1] Cargill notes that this outage lasted approximately seven weeks. (Pls.' Mem. Opp. Mot. Dismiss at 4–5, July 27, 2022, Docket No. 29.)

with wage notices as required by the New York State Labor Law ("NYLL"). (*Id.* ¶¶ 185, 189.)

Plaintiffs commenced this action on April 15, 2022. (Compl., Apr. 15, 2022, Docket No. 1.) Plaintiffs bring five causes of action: (1) overtime violations of the FLSA, (2) violations of Wisconsin's Wage Payment and Overtime Law, (3) minimum wage and overtime violations of the NYLL, (4) wage notice violations of the NYLL, and (5) wage statement violations of the NYLL. (Am. Compl. ¶¶ 148–91.) These claims are brought as a collective action ("FLSA Collective"), as well as claims on behalf of a Wisconsin Class and a New York Class. (*Id.* ¶¶ 106, 115, 133.) Plaintiffs Brown and Rogers also seek injunctive and equitable relief under Wisconsin and New York law respectively, requiring Cargill to pay all statutorily required wages and cease its unlawful activity under the relevant state laws. (*Id.* at 22.) Plaintiffs contend that Cargill's failure to comply with the FLSA, Wisconsin law, and New York law was willful. (*Id.* ¶¶ 104, 152, 181, 185, 189.)) Plaintiffs seek to recover unpaid wages, liquidated damages, statutory penalties, and equitable relief. (*Id.* ¶¶ 153–156, 168–169, 182–183, 187, 191.) On June 21, 2022, Cargill moved to dismiss all claims based on lack of subject matter jurisdiction and failure to state a claim. (Def.'s Mot. Dismiss, June 21, 2022, Docket No. 18.)

## DISCUSSION

### I. RULE 12(B)(1) SUBJECT MATTER JURISDICTION

#### A. Standard of Review

A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims. *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013). The party seeking to invoke a federal court's subject matter jurisdiction bears the burden of showing that the court has jurisdiction. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). A court must dismiss an action if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In deciding a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (internal citations omitted). The Court, therefore, may also consider "materials that are necessarily embraced by the pleadings." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (internal quotation marks omitted).[2] The Court also accepts as true all facts alleged in the complaint, construing all reasonable inferences in the plaintiff's favor. *Id.* In contrast, "[i]n a factual attack, the court considers matters outside the pleadings" and the non-moving party does not "enjoy the benefit of the allegations in its pleadings being accepted as true." *Osborn*, 918 F.2d

---

[2] "[M]aterials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (internal quotation marks and citation omitted).

at 729 n.6 (citations omitted). "The general rule is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citations and internal quotation marks omitted).

### B. Analysis

Cargill brings a factual attack on the Court's subject matter jurisdiction because it presents matter outside the pleadings: a declaration of Cargill's North America HR Operations Manager. (*See generally* Decl. Carla Bettencourt, June 21, 2022, Docket No. 21.) The declaration addresses employee wage and time entry records and Cargill's actions in recording employee hours and compensation during the relevant time period. (*Id.*) Cargill relies on this declaration to assert that no Plaintiff suffered a cognizable injury sufficient to confer Article III standing.

Article III of the Constitution limits federal court jurisdiction to cases or controversies. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (citing U.S. Const. art. III, § 2). Therefore, Plaintiffs must demonstrate standing to sue by showing that they have suffered an injury-in-fact that is both fairly traceable to the defendant's conduct and likely to be redressed by the relief sought. *Id.* at 338. To establish an injury-in-fact, plaintiffs must show their injury is "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555,

560 (1992)). During pleading, plaintiffs must clearly allege facts demonstrating the elements of standing. *Id.* at 338.

### 1. FLSA

Cargill argues that none of the Plaintiffs have suffered a violation of the FLSA because all Plaintiffs who worked overtime [3] were paid the statutory overtime compensation that they were entitled to—and even paid significantly more in compensation creditable toward statutory overtime than they were owed. According to Cargill, no Plaintiff had been underpaid during the Kronos outage under the FLSA or any state analog. Moreover, Cargill argues that even if Plaintiffs had suffered a technical violation of the FLSA, such technical violations alone are insufficient to confer standing because Plaintiffs fail to allege a concrete, particularized injury.

Plaintiffs respond that they suffered an injury due to Cargill's violation of the FLSA because it requires overtime to be timely paid on the regular payday, and Cargill did not pay the overtime in a timely manner. Plaintiffs point to the Ninth Circuit's opinion in *Biggs v. Wilson*, which concerned a similar FLSA provision on minimum wage. 1 F.3d 1537, 1539 (9th Cir. 1993). In considering whether the FLSA provision was violated by paying wages 14-15 days late, the court held that "FLSA wages are 'unpaid' unless they are paid on the employees' regular payday." *Id.* at 1538. The court found that failure to issue paychecks

---

[3] The parties do not contest that Plaintiff Brown did not work any overtime during the relevant time period.

for minimum wage and overtime promptly when due violated the FLSA. *Id.* at 1539. When "a payday has passed without payment, the employer cannot have met his obligation to pay." *Id.*

Though Cargill argues that exactly when these payments were made does not matter, courts analyzing similar timing issues have concluded that failure to pay overtime on the regular pay day constitutes a violation of the FLSA. *E.g., McDonald v. JP Mktg. Assocs., LLC*, No. 06-4328, 2007 WL 1114159, at *7 (D. Minn. Apr. 13, 2007) ("29 C.F.R. § 790.21(b) states that 'a cause of action under the Fair Labor Standards Act for ... unpaid overtime compensation ... 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends'").[4]

Since Plaintiffs allege that Cargill failed to pay overtime timely and in full, Plaintiffs meets the low burden required at this stage of litigation to establish standing. *See Zanders v. Swanson*, 573 F.3d 591, 594 (8th Cir. 2009) (explaining that credible factual

---

[4] *See also Beebe v. United States,* 640 F.2d 1283, 1293 (Ct. Cl. 1981) (FLSA claims are continuing claims and a separate cause of action "accrues" every payday that overtime is not paid); *McIntyre v. Div. of Youth Rehab. Servs.,* 795 F. Supp. 668, 674 (D. Del. 1992) (stating that courts have adopted uniform approach that cause of action accrues each paycheck); *see also Cook v. United States,* 855 F.2d 848, 851 (Fed. Cir. 1988) (general rule is that FLSA claims accrue at the end of each pay period); *Mid–Continent Petroleum Corp. v. Keen,* 157 F.2d 310, 316 (8th Cir.1946) (accrues each payday); *Biggs,* 1 F.3d at 1540 (stating that the FLSA contains its own statute of limitations for an action for unpaid minimum wages and for liquidated damages and the most logical point a cause of action for unpaid minimum wages or liquidated damages accrues is the day the employee's paycheck is normally issued, but is not).

allegations of injury may suffice to establish standing). In their Amended Complaint, Plaintiffs aver that they were injured by not being paid statutory overtime they are owed. (Am. Compl. ¶¶ 7–12.) As the *Spokeo* Court explained, certain harms readily qualify as concrete injuries under Article III. The most obvious are traditional tangible harms, such as physical harms and monetary harms. *See Spokeo*, 578 U.S. at 340–41. If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). Regardless of whether Plaintiffs can actually prove they are owed this compensation, they have sufficiently alleged that they were harmed by not being paid on time and in full and that is enough to survive a motion to dismiss at this stage.

Moreover, courts must be mindful that the FLSA is to be liberally construed to apply to the furthest reaches consistent with Congressional intent. *Mitchell v. Lublin, McGaughy & Assocs.,* 358 U.S. 207, 211 (1959). Congress enacted the FLSA in 1938 in order "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas–Best Freight Sys., Inc.,* 450 U.S. 728, 739 (1981). Under the FLSA, an employer must pay a non-exempt employee overtime pay for hours worked in excess of forty hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); *see also Bay Ridge Operating Co. v. Aaron,* 334 U.S. 446, 460 (1948); *Walling v. Youngerman–Reynolds Hardwood Co.,* 325 U.S. 419, 423 (1945). By arguing that Cargill failed to pay them for hours and overtime

hours actually worked, and instead paying based on time estimates or arbitrary considerations, Plaintiffs adequately allege that Cargill violated the FLSA.

Cargill further argues that even if any marginally delayed statutory overtime payments could result in a concrete harm showing entitlement to liquidated damages, that claim has been mooted by a $250 inconvenience payment made to every non-exempt employee. These payments were made expressly for the purpose of compensating for payment delays. Cargill also paid belated "true-up payments" to employees it found had been underpaid. Cargill's inconvenience and "true-up" payments do not change the fact that it failed to properly pay wages and overtime in the first place. Courts considering analogous circumstances have consistently refused to allow employers to avoid FLSA liability by manipulating the timing or calculation of employee pay. *E.g., Walling v. Helmerich & Payne*, 323 U.S. 37, 42 (1944) (rejecting employer's attempt to use a "split-day" payment plan to avoid overtime requirements); *Calderon v. Witvoet*, 999 F.2d 1101, 1107 (7th Cir. 1993) (holding that paying a portion of employees' wages as an end-of-season "bonus" was irrelevant to the employer's FLSA liability because if "the FLSA requires timely payment . . . and this requirement may not be varied by agreement, it follows that even the workers' enthusiastic assent to deferred payment—a form of employer-held savings account—is ineffectual").

Moreover, under the FLSA, it does not matter whether an employer devises an unlawful scheme upfront or merely employs it later as a retrofitted solution to an earlier

-10-

problem because the FLSA is violated either way. *See e.g.*, *Roland Elec. Co. v. Black*, 163 F.2d 417, 421 (4th Cir. 1947) (rejecting argument that year-end bonuses could be used to circumvent FLSA liability); *Acosta v. Min & Kim Inc.*, No. 15-14310, 2018 WL 500333, at *7 (E.D. Mich. Jan. 22, 2018), *aff'd*, 919 F.3d 361 (6th Cir. 2019) ("[W]hat matters is not just the end result, but the methodology used."); *Bell v. Iowa Turkey Growers Co-op.*, 407 F. Supp. 2d 1051, 1062–63 (S.D. Iowa 2006). Thus, a reasonable inference suggests that Cargill did not offset their FLSA liability using these one-time payments.

Plaintiffs have met their burden of proving subject matter jurisdiction as to the claims for violations of the FLSA and the Court will thus deny Cargill's motion as to this claim.

### 2. Wisconsin Wage Payment and Overtime Law – Plaintiff Brown

Plaintiffs also bring a cause of action under the Wisconsin Wage Payment and Overtime Law. Wisconsin's Department of Workforce Development (DWD) is charged with promulgating "rules fixing a period of time, or hours of beginning and ending work during any day, night or week, which shall be necessary to protect the life, health, safety or welfare of any person[.]" Wis. Stat. §§ 103.001, 103.02. *See also Weissman v. Tyson Prepared Foods, Inc.*, 838 N.W.2d 502, 504 (Wis. Ct. App. 2013). Pursuant to that authority, DWD enacted Wis. Admin. Code § DWD 274.03, which requires "each employer subject to this chapter" to pay its employees "time and one-half the regular rate of pay for all hours worked in excess of 40 hours per week." Chapter 109 is the statutory vehicle

under which an employee may sue an employer for wages unquestionably owed. *See* Wis. Stat. § 109.01(3). If an employer fails to pay minimum or overtime wages owed to the employee, the employee may assert a claim for those unpaid wages. Wis. Stat. §§ 109.03(1), 109.03(5).

Plaintiff Brown is the only named Plaintiff who resides in Wisconsin, and Plaintiffs concede that Plaintiff Brown did not work any overtime hours during the relevant period of time as documented in the pay and time records. Thus, she suffered no cognizable injury sufficient to show standing. *See Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (Stating that in class actions, named representatives must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent). As such, the Court will grant Cargill's motion without prejudice and dismiss the second cause of action concerning Plaintiff Brown and violations of the Wisconsin Wage Payment and Overtime Law.

### 3. NYLL Violations – Plaintiff Rogers

Because the Court has subject matter jurisdiction over the FLSA claims, it has supplemental jurisdiction over the NYLL claims under 28 U.S.C. § 1367 because they form part of the same case or controversy. 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"); *Promisel v. First Am. Artificial Flowers Inc.*, 943 F.2d 251, 254 (2d Cir. 1991) (Claims are "part of the same case or controversy" when they "derive from a common nucleus of operative fact," and "are such that [the claimant] would ordinarily be expected to try them all in one judicial proceeding."). Still, Plaintiff Rogers must show that he has suffered an injury-in-fact as to the NYLL claims to confer Article III standing for the NYLL claim. *See Spokeo, Inc.*, 578 U.S. at 338 (explaining that during pleading, plaintiffs must clearly allege facts demonstrating the elements of standing.)

Like the FLSA, the NYLL protects employees by requiring employers to pay employees a minimum wage and overtime pay equal to one and one-half times the regular rate for all hours worked over forty hours per week. 12 NYCRR § 142–2.2 N.Y. Lab. Law §§ 652, 663; N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4. Additionally, NYLL requires employers to provide employees with proper wage notices and statements. N.Y. Lab. Law §§ 195(1), (3). NYLL's coverage is broad, applying to essentially any individual employed in any occupation in New York, with a few limited exceptions. N.Y. Lab. Law §§ 190(2), 651(5); *see Aponte v. Clinton St. Pizza Inc.*, No. 22-3188, 2023 WL 1795189, at *3 (S.D.N.Y. Feb. 7, 2023).

Plaintiffs' third, fourth, and fifth causes of action allege that Plaintiff Rogers was employed by Cargill in New York and is thus covered by NYLL. (Am. Compl. ¶¶ 29, 174.)

Plaintiff Rogers claims that Cargill failed to pay Rogers proper wages for all hours worked, failed to pay proper overtime on time and in full, and never provided the required wage statements or wage notices.  (*Id.* ¶¶ 175–191.)  Thus, Rogers has sufficiently pled violations of various New York Labor Laws that resulted in monetary harms, a recognized quintessential harm for the purposes of Article III standing.  *See TransUnion*, 141 S. Ct. at 2204 (finding standing where a defendant caused monetary injury to the plaintiff).  The Court thus concludes that Plaintiff Rogers has standing to pursue the third, fourth, and fifth causes of action.

## II.     RULE 12(B)(6) FAILURE TO STATE A CLAIM

### A. Standard of Review

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings."  *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v.*

*Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. Analysis

Cargill argues that Plaintiffs failed to state a claim for unpaid statutory overtime wages because they have not set forth sufficient factual allegations that give rise to a plausible inference that they (1) in fact worked more than 40 hours in a week and (2) that Cargill underpaid them.  Cargill argues that their allegations are impermissibly broad, and that Plaintiffs miscalculated overtime, such that they did not actually suffer an FLSA violation.

As noted above, Plaintiffs sufficiently stated a claim to pursue all but the Wisconsin Wage Payment and Overtime Law cause of action.  Plaintiffs have alleged, *inter alia*, that: while the Kronos timekeeping service was down, Cargill failed to keep accurate track of the hours its non-exempt hourly and salaried employees worked; as a result, Cargill paid many of its employees for less time than they actually worked; Cargill knows it must pay proper overtime premiums to non-exempt hourly and salaried employees under the FLSA

and applicable state law, but failed to institute a number of feasible methods that could have allowed it to accurately track and timely pay its employees; that Cargill knowingly, willfully, or recklessly carried on this practice of inaccurate timekeeping and unreasonably failing to pay employees all their regular and overtime compensation; and Futrell, Rogers, and putative class members were all non-exempt hourly employees of Cargill who were not paid on time, if at all, for the actual hours they worked while Kronos was down. These detailed factual allegations support the inference that Cargill violated the applicable state law and that Plaintiffs were harmed by such violations.

As the Court has stated, cases have found no distinction between late payment and nonpayment of wages under the FLSA. *See Biggs*, 1 F.3d at 1539 (stating that the "obligation kicks in once an employee has done covered work in any workweek" such that if "a payday has passed without payment, the employer cannot have met his obligation to 'pay'.").

Thus, as pled, the untimely payment of wages does not resolve a claim for unpaid wages under federal law, nor does it compensate workers for the damages they incurred by not being paid on time. Plaintiffs have sufficiently alleged that full overtime wages were owed to them on their regular paydays, that Cargill failed to pay them their full overtime hours by their regular paydays, and thus Cargill is liable for prejudgment interest, liquidated damages, and penalties. *See id.* at 1540.

It is true that Plaintiffs will need to later prove that they worked the overtime hours they claim and that Cargill failed to pay for those hours worked in full and on time. This is where discovery will play a key role in developing the issues. Without the benefit of discovery and given the limited record before the Court, it is hard to decipher which of the parties' calculations are correct. At this stage, Plaintiffs have alleged sufficient facts to support claims for violations of the FLSA and various NYLL provisions.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 18] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Motion to Dismiss as it relates to Count 1 (FLSA Violations); Count 3 (NYLL Minimum Wage and Overtime Violations); Count 4 (NYLL Wage Notice Violations); and Count 5 (NYLL Wage Statement Violations) is **DENIED**; and

2. The Motion to Dismiss as it relates to Count 2 (Wisconsin Wage Payment and Overtime Law Violations) is **GRANTED** without prejudice.

DATED: March 15, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge