UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
MINNEAPOLIS DIVISION

| | |
|---|---|
| JAMES FUTRELL and CHRIS ROGERS, each individually and on behalf of all others similarly situated, <br><br> v. <br><br> CARGILL, INCORPORATED | Case No. 0:22-cv-00969-JRT-TNL <br> FLSA Collective Action <br> FED. R. CIV. P. 23 Class Action <br><br> Judge John R. Tunheim <br><br> Magistrate Judge Tony N. Leung |

**DECLARATION OF MATTHEW S. PARMET**

I, Matthew S. Parmet, am over 18 years of age, of sound mind, and fully competent to make this declaration. I have personal knowledge of the facts herein. I testify as follows:

**A.   BACKGROUND & EXPERIENCE**

1. I am an attorney for Plaintiffs in the above-referenced matter.

2. I am licensed to practice law in Texas, Arizona, California, Colorado, Louisiana, and Pennsylvania. My license is currently active and in good standing in all these states.

3. In addition, I am admitted to practice law before the United States Supreme Court, the United States Courts of Appeals for the Fifth, Ninth, and Tenth Circuits, and numerous United States District Courts.[1]

4. I have practiced law with PARMET PC since May 2018. Prior to that time, I practiced law with BRUCKNER BURCH PLLC beginning in September 2015, with SICO WHITE HOELSCHER HARRIS & BRAUGH LLP beginning in March 2013, and with DOYLE RAIZNER LLP beginning in October 2010. In each of these positions, my practice primarily focused on various aspects of litigation on behalf of plaintiffs, including high-value, complex litigation.

5. I am involved in several professional legal organizations. I have served on the Board of Directors for the Houston Trial Lawyers Association since 2011, and

---

[1] District Courts are identified on Exhibit 1.

Ex. B

I previously served on the Board of Directors for the Seventh Amendment Political Action Committee. I am a member of several other organizations, including the National Employment Lawyers Association, the Texas Employment Lawyers Association, and the Mexican American Bar Association of Houston, and in the past, I have been a member of several other organizations, including the Attorneys Information Exchange Group, the Texas Trial Lawyers Association, the Houston Bar Association, the Houston Young Lawyers Association, and the California Employment Lawyers Association. In addition, I have prepared a number of continuing legal education papers for presentation at various engagements.

6. I have been listed as a "Rising Star Super Lawyer" by the Texas Monthly and Texas Lawyer magazines for 2018, 2019, 2020, 2021, 2022, and 2023.

7. Attached to this declaration are a true and correct copy of my current resume (Exhibit 1) and a listing of attorneys' fee awards obtained through work on behalf of my clients (Exhibit 2). These documents contain additional information about my knowledge, skill, experience, training, and education.

8. I am familiar with the standards of practice required by, and regularly practiced in, federal courts, including those in Tennessee and the Sixth Circuit. The opinions in this declaration are based on my knowledge, training, skills, and experience, as well as the applicable law, and an analysis of relevant issues as outlined in this declaration.

9. Successful handling of cases such as this requires particularized expertise and experience, qualities possessed by Plaintiffs' counsel.

10. My Firm and I have litigated hundreds of wage-and-hour cases as lead or co-counsel and maintains a particular focus on wage-and-hour litigation.

11. My Firm and I have litigated wage-and-hour cases nationwide in at least 39 states, including Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kentucky, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, New Mexico, New Jersey, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, Utah, Virginia, Washington, Wisconsin, and Wyoming.

12. My Firm and I have reviewed and become familiar with a large body of documents and information concerning wage-and-hour litigation, which benefits cases such as this and maximizes the settlement value of the case. Our experience in this field has also resulted in a familiarity with the evidence and

testimony necessary to the successful prosecution of cases such as this. In all, my Firm and I have secured settlements in wage-and-hour cases on behalf of many clients.

**B.    FLSA LITIGATION REGARDING KRONOS OUTAGE**

13. Plaintiffs retained Plaintiffs' counsel to assist in recovery for claims for unpaid wages and related damages against their employer, Cargill.

14. The suit claimed that Cargill delayed or failed to pay wages, including overtime wages, to themselves and other non-exempt employees of Cargill after a time and payroll system outage beginning on or about December 11, 2021.

15. That time and payroll outage was the result of an alleged cyberattack on the cloud-based Kronos system, operated and maintained by the Ultimate Kronos Group, Inc. (UKG).

16. As a result of the alleged cyberattack on the Kronos system, Cargill's time and payroll systems became inaccessible to Cargill for an extended period of time (the "Kronos Outage").

17. The Kronos Outage resulted in the delayed or non-payment of wages, including overtime, to non-exempt Cargill employees.

18. Plaintiffs claimed that, under the FLSA and applicable state law, they were owed any overtime wages that had not been paid during the Kronos Outage, as well as their regular pay for any hours worked during a week in which they also worked overtime.

19. Plaintiffs claimed they were also owed liquidated damages, attorney fees, and costs, as provided for under the FLSA and applicable state law.

20. Plaintiffs also alleged that other, similarly situated employees were subject to the same pay practice as a result of the Kronos Outage, and that their claim should be certified as a collective action under the FLSA, as well as a class action under applicable state laws.

21. Cargill has denied, and continues to deny, any wrongdoing regarding their time and pay practices during and after the Kronos Outage, including the method and timeliness of calculating and paying wages.

22. My Firm, and the Morgan & Morgan team working on this matter, both maintain a particular focus on class and collective action wage-and-hour cases like this one.

23. Besides a focus on wage-and-hour litigation in general, our Firms have filed suit against over 45 different employers across the country regarding the Kronos outage—which involve the same or similar allegations as this case.

24. To my knowledge, our Firms have filed more cases stemming from the Kronos outage at issue than any other attorneys.

25. Several of these matters, like this one, have already resolved.

26. In the course of litigating these Kronos Outage-related cases, our Firms have reviewed and become familiar with a large body of documents and information concerning the subject matter of this litigation, which benefits cases such as this and maximizes their values.

27. The information and experience acquired by Plaintiffs' counsel includes information regarding the Kronos outage, the Kronos system, employers' interactions with UKG during and after the outage, and the valuation and structures of settlements in related litigation.

28. The Firms' knowledge and experience in this general field of law, and the Kronos Outage wage-and-hour litigation in particular, has also resulted in a familiarity with the evidence necessary to the successful prosecution of cases such as this.

C. **PLAINTIFFS' AGREEMENT WITH COUNSEL**

29. Plaintiffs' were unable to pay Plaintiffs' counsel on an hourly basis and to pay in advance the costs of litigation, which were certain to be very significant in a wage-and-hour individual or collective/class action. Plaintiffs' counsel therefore agreed to handle the matter on a contingency basis.

30. Plaintiffs and Plaintiffs' counsel agreed that Plaintiffs would pay a maximum of 40% of contingent fee of any monies, interest, or property recovered—unless Plaintiffs' counsel was able to recover a greater amount in fees awarded by a court or negotiated with Defendants. The agreement further called for Plaintiffs' counsel to advance all costs necessary to investigate, evaluate, and pursue the claims, which costs were to be reimbursed to Plaintiffs' counsel out of Plaintiffs' share of settlement money.

31. Plaintiffs and Plaintiffs' counsel also agreed that Plaintiffs would owe no attorneys' fees in the event that no recovery was made.

32. In all, Plaintiffs' counsel, working on contingency, had a large risk of loss for the time and efforts spent working on this matter.

**D.   UNDERLYING LITIGATION**

33. This case was settled after substantial investigation and work by Plaintiffs and Plaintiffs' counsel.

34. Among the issues that the Parties disputed included: whether Cargill still owed any wages to Plaintiffs and similarly situated employees; whether the alleged FLSA violations were made in good faith and on reasonable grounds; and the propriety of proceeding as a collective under the FLSA.

35. The work undertaken by Plaintiffs and Plaintiffs' counsel included:

    - Investigation of Cargill and its management and structure;

    - Review of Department of Labor database and records;

    - Review of court records for similar or related cases involving Cargill and its related corporate entities;

    - Review of legal authority, including court orders and administrative guidance, regarding legal issues before and during the course of the lawsuit;

    - Drafting, filing, and serving Plaintiffs' original and amended complaint;

    - Reviewing and responding to Cargill's Motion to Dismiss and legal authorities;

    - Drafting and sending Plaintiffs' disclosures and informal discovery;

    - Reviewing Plaintiffs and opt-in Plaintiffs' documents and production;

    - Interviewing Plaintiffs and potential opt-ins;

    - Reviewing Cargill's production, including payroll and time documents and data;

    - Analyzing and processing data for Plaintiffs and the potential collective's payroll, including creating a damage model for the data;

    - Attending a full-day mediation; and

    - Negotiating and finalizing the Parties' Settlement Agreement and approval documents.

36. In addition, this case was mediated with Hunter Hughes during a full-day mediation on May 15, 2023.

37. Mr. Hughes is a highly sought-after and successful employment class/collective action mediator.

38. At the conclusion of mediation, Mr. Hughes made a mediator proposal, which the Parties ultimately accepted.

39. Although the Parties reached a preliminary settlement, the Parties still negotiated over the following several months to finalize all the terms and reduce their agreement to a final settlement.

40. In all, this case was resolved through the extensive efforts of Plaintiffs' counsel and the expenditure of a great deal of time and energy.

41. My Firm and the Morgan & Morgan team working on this matter in the normal course of business, maintain records of time, date, and work performed in FLSA matters such as this.

42. Based upon my review of the time records, as well as my Firm's and the Morgan & Morgan file in this matter, the time spent by Plaintiffs' counsel to date far in this matter is at least 380 hours.

43. Based on past experience, I estimate Plaintiffs' counsel's duties fulfilling Plaintiffs' obligations under the settlement agreement, administering the settlement, and responding to Plaintiffs' and putative collective members' inquiries will take Plaintiffs' counsel at least another 60 hours of work.

E. **SUCCESSFUL RESOLUTION OF THIS CASE**

44. The Parties to this matter reached a settlement agreement after extended, arm's-length negotiations.

45. In reaching the settlement and distribution of funds, I have not participated in any fraud or collusion. Nor am I aware of, nor do I believe there was, any fraud or collusion on the part of anyone in securing the settlement and distribution of funds.

46. I request that this court approve the attorneys' fees in the amount of 4.6% of the common fund, which is equal to 35% of the net settlement fund to be distributed to the collective.

47. Plaintiffs' attorneys' fees in this case are in line with Eighth Circuit precedent.

48. In my experience and to the best of my knowledge, firms operating on a contingency basis in similar cases most often seek attorney fees ranging from 1/3 to 40% of the gross settlement amount, or even 45%, and sometimes as much as 50% if a final judgment has been entered. Very seldom do firms operating on a contingency basis in similar cases accept such cases with attorneys' fees lower than 40% once a matter has entered litigation.

49. Further, based upon my knowledge and experience, most law firms today take the majority of, or all, contingency-based cases with an attorney fee agreement of 40% of the gross settlement amount once a matter has entered litigation (and, in particular, those law firms operating in the Tennessee legal market).

50. Here, Plaintiffs' counsel has agreed to take fees as a percentage of the new cash settlement fund **only**, rather than the potential value of the entire gross settlement amount, which represents the actual value of the benefit that achieved for the collective.

51. Thus, the requested fee of 4.6% of the gross settlement amount (35% of the new net settlement fund) is fundamentally reasonable and customary, as Plaintiffs' counsel has worked extremely hard on the case, devoted a large amount of time to the case, risked significant capital, and achieved an excellent and expeditious result in a difficult and risky case.

52. Like any other wage-and-hour case, because of its complexity, it is assumed that the resources necessary to prosecute such a case may preclude employment on other cases.

53. Plaintiffs' counsel, working on contingency, had 100% of the risk of loss, advanced considerable costs, which had Plaintiffs not recovered anything from Cargill, would have been lost, and Plaintiffs' counsel would have carried various advanced costs, as well as unrecoverable time spent.

54. Given all these facts and factors, the skills required to present the case, the time and costs expended to achieve the results, the reputation of counsel in the community, and the results achieved on behalf of the clients, the fees and litigation expenses requested for Plaintiffs' settlement as shown are reasonable and necessary, and is less than the amount agreed upon at the outset in writing by contract between Plaintiffs and Plaintiffs' counsel.

55. Plaintiffs' counsel also requests reimbursement of reasonable and necessary expenses, as follows:

| Cost | Amount |
|---|---|
| Court Fees | $ 402.00 |
| Service | $ 65.00 |
| Copies | $ 57.50 |
| Postage | $ 23.34 |
| Mediation | $ 10,000.00 |
| Admissions | $ 300.00 |
| Travel and Incidental | $ - |
| Legal Research | $ 363.60 |
| Certificates of Good Standing | $ - |
|  |  |
| **TOTAL** | **$ 11,211.44** |

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 15, 2023.

/s/ *Matthew S. Parmet*

_____

Matthew S. Parmet



MATTHEW S. PARMET
Attorney at Law
Licensed in TX, PA, LA, CO, CA, and AZ
matt@parmet.law

# CURRICULUM VITAE OF MATTHEW SCOTT PARMET

**LICENSES & ADMISSIONS:**

State Bars and Supreme Courts

| | | |
|---|---|---|
| Texas, 2009 | California, 2014 | Pennsylvania, 2022 |
| Louisiana, 2010 | Colorado, 2019 | Arizona, 2022 |

Supreme Court of the United States

United States Courts of Appeals for the Fifth, Ninth, and Tenth Circuits

United States District Courts

| | | |
|---|---|---|
| D. Arizona | E.D. Louisiana | M.D. Pennsylvania |
| E.D. Arkansas | M.D. Louisiana | W. D. Pennsylvania |
| W.D. Arkansas | W.D. Louisiana | E.D. Tennessee |
| C.D. California | D. Maryland | M.D. Tennessee |
| E.D. California | E.D. Michigan | W.D. Tennessee |
| N.D. California | W.D. Michigan | E.D. Texas |
| S.D. California | E.D. Missouri | N.D. Texas |
| D. Colorado | D. Nebraska | S.D. Texas |
| Dist. of Columbia | D. New Mexico | W.D. Texas |
| C.D. Illinois | D. North Dakota | E.D. Wisconsin |
| N.D. Illinois | N.D. Ohio | W.D. Wisconsin |
| N.D. Indiana | W.D. Oklahoma | |
| S.D. Indiana | E.D. Pennsylvania | |

**LEGAL EXPERIENCE:**

**PARMET PC** — Houston, TX
Attorney — May 2018 – Present
- Representing plaintiffs in wage-and-hour class and collective actions throughout the United States, as well as select personal injury plaintiffs and commercial litigants.

**BRUCKNER BURCH PLLC** — Houston, TX
Associate Attorney — September 2015 – May 2018
- Represented plaintiffs in wage-and-hour class and collective actions throughout U.S.

**SICO WHITE HOELSCHER HARRIS & BRAUGH LLP** — Houston, TX
Associate Attorney — March 2013 – September 2015
- Represented plaintiffs in high-value, complex catastrophic injury and death cases, with emphasis on products liability, automotive and tire defects, commercial vehicle collisions, third-party claims arising from workplace injuries, and general negligence.

**DOYLE RAIZNER LLP** — Houston, TX
Associate Attorney — October 2010 – February 2013
- Represented plaintiffs in personal injury, Jones Act/maritime injury, insurance bad faith, Texas Deceptive Trade Practices Act, commercial vehicle collisions, products liability, toxic torts, and commercial litigation.

2 Greenway Plaza, Ste. 250  |  Houston, TX 77046  |  phone 713 999 522[cut off]

Ex. 1

**EDUCATION:**

**TULANE UNIVERSITY LAW SCHOOL** New Orleans, LA
Juris Doctor May 2009
    Honors: *Tulane Environmental Law Journal*—Senior Managing Editor, Volume 22

**COLLEGE OF LIBERAL ARTS, UNIVERSITY OF TEXAS** Austin, TX
Bachelor of Arts in Psychology and Spanish with Honors December 2005
    Honors: *Phi Beta Kappa* Society
             *Psi Chi*, National Honors Society in Psychology
             Liberal Arts Honors Program
    Activities: *Sigma Alpha Mu* Fraternity

**AWARDS & RECOGNITION:**
    Texas Monthly / Texas Lawyer Magazines
        Rising Star Super Lawyer, 2018, 2019, 2020, 2021, 2022, 2023

**CERTIFICATIONS:**
    Guardian/Attorney ad Litem, State Bar of Texas, 2020 – present

**PROFESSIONAL ORGANIZATIONS:**
    Houston Trial Lawyers Association, 2010 – present
        Board of Directors, 2011 – present
    Mexican American Bar Association, 2018 – present
    National Employment Law Project, 2023 – present
    National Employment Lawyers Association, 2015 – present
    Texas Employment Lawyers Association, 2020 – present

**PUBLICATIONS:**
    Comment, *Mitigation Models Inch Toward a Full Review: Even When Effective, the Fish and Wildlife Coordination Act Remains Overshadowed by NEPA*, 21 TUL. ENVTL. L.J. 449 (2008)
    Recent Development, *Lemon v. Geren*, 22 TUL. ENVTL. L.J. 475 (2009)



MATTHEW S. PARMET
Attorney at Law
Licensed in TX, PA, LA, CO, CA, and AZ
matt@parmet.law

# SELECT SETTLEMENTS AND ATTORNEYS' FEES AWARDS

**SETTLEMENTS IN WAGE-AND-HOUR LITIGATION**

Wage-and-hour cases in which Mr. Parmet served as counsel of record, had significant involvement on behalf of plaintiffs, and resulted in court-supervised settlements, with court-approved attorneys' fees, include:

*Marshall v. Coca-Cola Consolidated Inc.*, No. 3:22-cv-00214-RJC-SCR, ECF No. 27 (W.D.N.C. Oct. 18, 2023) (granting final approval of settlement of overtime claims for FLSA collective action and Rule 23 class action under North Carolina state law, including attorneys' fees as percentage of common fund)

*Cordes v. Energage, LLC*, No. 2:21-cv-02641-CMR, ECF No. 52 (E.D. Pa. Oct. 4, 2023) (granting final approval of settlement of overtime claims for FLSA collective action and Rule 23 class action under Arizona Wage Act, including attorneys' fees as percentage of common fund)

*Harvey v. Community Health Network, Inc.*, No. 1:22-cv-00659-RLM-MJD, ECF No. 104 (S.D. Ind. Sept. 18, 2023) (granting final approval of settlement of overtime claims for FLSA collective action and Rule 23 class action under Indiana state law, including attorneys' fees as percentage of common fund)

*Henderson v. CDR Maguire, Inc.*, No. 1:22-cv-23163-DPG, ECF No. 43 (S.D. Fla. Jul. 25, 2023) (approving settlement of FLSA collective action, including separate award of attorneys' fees and costs)

*Westmorlan v. Merlin Global Servs. LLC*, No. 3:21-cv-00970-BEN-MSB, ECF No. 44 (S.D. Cal. Jul. 10, 2023) (granting final approval of settlement of overtime claims for FLSA collective action and Rule 23 class action under California Labor Code, including separately negotiated attorneys' fees and expenses)

*Blakley v. Masonite Corp.*, No. 2:22-cv-00105-HSO-BWR, ECF No. 41 (S.D. Miss. Jul. 5, 2023) (approving settlement of individual FLSA claims, including separately negotiated attorneys' fees and expenses)

*Estevez v. Change Healthcare, Inc.*, No. 3:22-cv-00327, ECF No. 35 (M.D. Tenn. Jun 13, 2023) (approving settlement in FLSA collective action, including attorneys' fees of 40% of new monetary portion of settlement fund and expenses)

*Woodruff v. Kaiser Aluminum Corp.*, No. 3:22-cv-00333, ECF No. 31 (M.D. Tenn. May 4, 2023) (approving settlement in FLSA collective action, including attorneys' fees of 40% of new monetary portion of settlement fund and expenses)

*Henderson v. Johnson Controls Inc.*, No. 2:22-cv-00414, ECF No. 26 (E.D. Wisc. Apr. 20, 2023) (approving settlement in FLSA collective action, including attorneys' fees and expenses as percentage of settlement fund)

*Stevens v. PepsiCo, Inc.*, No. 7:22-cv-00802-NSR, ECF No. 79 (S.D.N.Y. Apr. 4, 2023) (granting final approval of settlement of overtime claims for FLSA nationwide collective action and Rule 23 class action under New York law, California Labor Code, and CAFA, including attorneys' fees award as percentage of common fund)

*Anstead v. Sacred Heart Health System, Inc.*, No. 3:22-cv-02553-MCR-HTC, ECF No. 42 (N.D. Fla. Mar. 27, 2023) (granting final approval of settlement of overtime claims for FLSA nationwide collective action and Rule 23 class action, including attorneys' fees award as percentage of common fund)

*Sanchez v. Stonegate Senior Living, LLC*, No. 3:22-cv-00864-E, ECF No. 21 (N.D. Tex. Feb. 14, 2023) (approving settlement in FLSA collective action, including attorneys' fees of 40% of new monetary portion of settlement fund and expenses)

*Makiyama v. Yamato Transp. U.S.A., Inc.*, No. 2:21-cv-03719-GW-PVC, ECF No. 75 (C.D. Cal. Dec. 15, 2022) (approving attorneys' fees of 40% of recovery in individual wage-and-hour settlement under FLSA and California Labor Code)

*Syas v. Texas Children's Hospital Plan, Inc.*, No. 4:21-cv-01532, ECF No. 42 (S.D. Tex. Nov. 1, 2022) (approving attorneys' fees of 40% of recovery in FLSA settlement)

*McDaniel v. KNM Holdings, LLC*, No. 4:21-cv-00599, ECF No. 22 (S.D. Tex. Jul. 20, 2022) (approving attorneys' fees of 40% of recovery in FLSA settlement)

*Cabanez v. Assist on Call, Inc.*, No. 3:20-cv-09470-VC, ECF No. 57 (N.D. Cal. Mar. 31, 2022) (granting final approval of settlement of FLSA collective action overtime claims, California Labor Code Rule 23 class action claims, and California Private Attorneys General Act claims, including attorneys' fees award as percentage of common fund)

*Venable v. Am. Consulting & Testing Inc.*, No. 6:20-cv-01232-RRS-PJH, 2022 WL 595738 (W.D. La. Feb. 25, 2022) (recommending approval of FLSA collective action, including attorneys' fees of 40% of recovery), *adopted by* 2022 WL 741698 (W.D. La. Mar. 10, 2022)

*Herrera v. EOS IT Mgmt. Sols., Inc.*, No. 5:20-cv-01093-LHK, ECF No. 75 (N.D. Cal. Dec. 20, 2021) (approving attorneys' fees in FLSA collective action

*Virgin v. TruWest Credit Union*, No. 2:21-cv-00838-SPL, ECF No. 22 (D. Ariz. Sept. 13, 2021) (approving confidential FLSA settlement of individual claims, including separate award of attorneys' fees)

*Paredes v. CNC Oilfield Servs., LLC*, No. 5:20-cv-00600-FB-RBF, ECF No. 49 (W.D. Tex. Sept. 8, 2021) (approving attorneys' fees of 40% of recovery in FLSA collective action settlement)

*Leja v. Brousseau Mgmt. Co. LLC*, No. 3:19-cv-00269-BAJ-EWD, ECF No. 68 (M.D. La. Aug. 4, 2021) (approving FLSA collective action settlement, including separately negotiated attorneys' fees and expenses in addition to plaintiffs' recovery)

*Wells v. Colonial Compliance Systems, Inc.*, No. 3:19-cv-07810-WHO, ECF No. 42 (N.D. Cal. Feb. 4, 2021) (approving FLSA settlement, including $21,200 in attorneys' fees and $1,412.43 in expenses)

*Johnson v. Power Performance, Inc.,* No. 6:20-cv-01471-RRS-PJH, ECF No. 17 (W.D. La. Feb. 1, 2021) (entering agreed judgment in FLSA case of $5,600 for attorneys' fees and costs for recovery by one plaintiff of $24,312.68)

*Lewis v. All About You Home Healthcare, Inc.*, No. 2:18-cv-01409-JDC-KK, ECF No. 94 (W.D. La. Jun. 22, 2020) (approving FLSA collective action settlement, including separate settlement of attorneys' fees)

*Moresi v. Resource Energy Ventures and Constr. Co., LLC*, No. 6:15-cv-02224-MJJ-CBW, ECF No. 110 (W.D. La. Sept. 13, 2019) (approving attorneys' fees of $49,908.37 for recovery by FLSA collective action plaintiffs of $23,183.26)

*Williams v. Jackson Hands of Change, LLC*, No. 2:19-cv-00646-GGG-MBN, ECF No. 25 (E.D. La. Sept. 11, 2019) (approving attorneys' fees of 40% of recovery in FLSA settlement)

*Baker v. DrilTech, LLC*, No. 6:16-cv-00309-SMH-CBW, ECF No. 36 (W.D. La. May 15, 2018) (approving attorneys' fees of 40% of recovery in FLSA collective action settlement)

*Matthews v. Priority Energy Svcs., LLC*, No. 6:15-cv-00448-RWS-KNM, ECF No. 148 (E.D. Tex. Apr. 20, 2018), *adopted by* ECF No. 149 (E.D. Tex. May 11, 2018) (approving attorneys' fees of 40% of recovery in FLSA collective action settlement)

*Daniels v. Prod. Mgmt. Indus., LLC*, No. 6:15-cv-02567-UDJ-PJH, ECF No. 66 (W.D. La. Apr. 20, 2018), *adopted by* ECF No. 67 (W.D. La. May 3, 2018) (approving attorneys' fees of 40% of recovery in FLSA collective action settlement)

*Johnson v. Pat Williams Constr., LLC*, No. 1:17-cv-00591-JTT-MLH, ECF No. 36 (W.D. La. Mar. 16, 2018) (approving attorneys' fees of 40% of recovery in FLSA collective action settlement)

*Shay v. Bass Fishing & Rentals, LLC*, No. 2:15-cv-01472-JRG, ECF No. 84 (E.D. Tex. Jan. 31, 2018) (approving attorneys' fees of 37.5% of recovery in FLSA collective action settlement)

*Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (approving attorneys' fees of 40% of recovery in FLSA collective action settlement)

*Crow v. ProPetro Svcs., Inc.*, No. 7:15-cv-00149-RAJ, ECF No. 87 (W.D. Tex. Jun. 20, 2017) (approving attorneys' fees of 40% of recovery in FLSA collective action settlement)

*Legros v. Mud Control Equip., Co.*, No. 6:15-cv-01082-RFD-PJH, ECF No. 74 (W.D. La. Mar. 6, 2017) (approving attorneys' fees of 40% of recovery in FLSA collective action settlement)

*Riddle v. Detel Wireless, LLC*, No. 1:16-cv-00433-DDD-JPM, ECF No. 31 (W.D. La. Mar. 3, 2017) (approving attorneys' fees of 40% of recovery in FLSA collective action settlement)

*Cantu v. Circle Bar A, Inc.*, No. 5:15-cv-00468-XR, ECF No. 52 (W.D. Tex. Jun. 23, 2016) (approving attorneys' fees of 40% of recovery in FLSA collective action settlement)

*Travis v. CAB Logistics, Inc.*, No. 5:15-cv-00351-RP, ECF No. 59 (W.D. Tex. Jun. 6, 2016) (approving attorneys' fees of 35% of recovery in FLSA collective action settlement)

**NON-SETTLEMENT ATTORNEYS' FEES AWARDS IN WAGE-AND-HOUR LITIGATION**
Wage-and-hour cases in which Mr. Parmet served as counsel of record, had significant involvement on behalf of plaintiffs, and resulted in court-awarded attorneys' fees, include:

*Keddy v. Oneflow Energy Servs., LLC*, No. 5:17-cv-00142-C, ECF No. 20 (W.D. Okla. Jan. 9, 2018) (awarding attorneys' fees of $7,860.50 on hourly basis in FLSA action)

*Andrews v. Pacific Process Systems., Inc.*, No. 2:16-cv-01135-CB, ECF No. 49 (W.D. Pa. Nov. 30, 2017) (awarding attorneys' fees of $24,740.50 on hourly basis and costs of $2,177.48 in action to recover for breach of FLSA collective action settlement agreement)

**SETTLEMENTS IN OTHER LITIGATION**

Other cases in which Mr. Parmet served as counsel of record, had significant involvement on behalf of plaintiffs, and resulted in court-supervised settlements, with court-approved attorneys' fees, include:

*Tapia v. Sanchez*, No. 2015-10119 (Tex. Dist.—Bexar [224th] Aug. 25, 2023) (approving minor settlement, including attorney's fees and expenses, in dram shop and auto collision case involving death of minor's mother)

*Camero v. White*, No. 2018-75608 (Tex. Dist.—Harris [281st] Mar. 10, 2022) (approving minor settlement, including attorney's fees and expenses, in auto collision case involving deaths of minor's parents)

*Guzman v Cooper/Ports America, LLC*, OWCP Case: LS-08433386, Order Approving Agreed Settlement – Section 8(i) (Dept. of Labor, Mar. 1, 2022) (approving wrongful death settlement under Longshore and Harbor Workers' Compensation Act, including attorneys' fees and costs)

*In re M. R.*, No. 19PR30040 (Colo. Dist.—Grand Cnty. Jan. 24, 2020) (approving settlement for minor who suffered personal injuries when struck by snowmobile operated by ski patroller at ski resort in *Roberts v. Intrawest/Winter Park Opers. Corp.*, No. 2018CV7 (Colo. Dist.—Grand Cnty.))

*Hernandez v. Am. Pac. Indus., Inc.* (Cal. Sup. Ct.—L.A. Cnty. Nov. 13, 2015) No. BC496576 (approving confidential settlement, including attorneys' fees, for minors' personal injuries and wrongful death of parent in product liability case)

*Bruce v. P&U Carriers, Inc.*, No. 2013-CVS-736 (N.C. Sup. Ct.—Halifax Cnty. Oct. 5, 2015) (approving confidential minor settlement, including attorneys' fees, in trucking case involving wrongful death of father)

*Evans v. PMT Express, LLC*, No. 4:13-cv-00210-FL, ECF No. 95 (E.D.N.C. Jul. 6, 2015) (approving confidential minor settlement, including attorneys' fees, in trucking case involving wrongful death of mother)

*Smith v. Baker Concrete Constr., Inc.*, No. V 13 387 (Tenn. Cir. Ct.—Bradley Jun. 26, 2015) (approving confidential settlement, including attorneys' fees, for minors in case involving their fathers' wrongful death)

*Tillman v. Quality Aquatics Pool Mgmt., LLC*, No. 2013-22656 (Tex. Dist.—Harris [165th] Jan. 20, 2015) (approving confidential settlement, including attorney's fees, for minor with permanent hypoxic brain injury)

*M. M. v. G.I. Trucking Co.* (Cal. Sup. Ct.—L.A. Cnty. Aug. 20, 2014) (approving confidential minor settlement, including attorneys' fees, in trucking case involving wrongful death of father)

*Vu v. Angel Tours, Inc.*, No. 2010-44296 (Tex. Dist.—Harris [295th] Feb. 14, 2011) (approving confidential minor settlement in action consolidated with *Jacobs v. Angel Tours, Inc.*, No. 2008-67196 (Tex. Dist.—Harris [295th]))

**NON-SETTLEMENT ATTORNEYS' FEES AWARDS IN OTHER LITIGATION**

Other cases in which Mr. Parmet served as counsel of record, had significant involvement on behalf of a party, and resulted in court-awarded attorneys' fees, include:

*Enzybac LLC v. Clearport Int'l Inc.*, No. 2018-40026, Interlocutory Default Judgment (Tex.—Harris Dist. [113th] Dec. 21, 2018) (awarding attorneys' fees, costs, and expenses of $21,645.00), *vacated on other grounds*, Agreed Order for New Trial (Tex.—Harris Dist. [113th] Mar. 1, 2019)

*Valley Forge Ins. Co. v. Barrera*, No. 2008-44947 (Tex. Dist.—Harris [113th] Jul. 15, 2011) (entering judgment for attorneys' fees of $28,200 for successful defense jury verdict)